UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-30-GWU

JOHNNY MAC LUNSFORD, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Johnny Mac Lunsford brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The procedural history of this action is important. Lunsford first filed applications for DIB and SSI in October of 2005 alleging an onset date of December 15, 2003. (Tr. 82). These applications were denied at all administrative levels and became final when an Administrative Law Judge (ALJ) issued a denial decision on April 9, 2007. (Tr. 82-89). The plaintiff filed new applications for DIB and SSI on April 13, 2007, alleging the same onset date as the earlier applications. (Tr. 133, 139). These applications were denied initially and upon reconsideration and the claimant requested an administrative hearing. (Tr. 95-98). An ALJ issued a denial decision on June 3, 2009. (Tr. 12-25). The Appeals Council granted Lunsford's request for review and issued its own denial decision somewhat modifying that of the ALJ. (Tr. 4-7). The plaintiff appealed this decision to federal district court and it is now before the undersigned upon cross-motions for summary judgment.

The Appeals Council concluded that Lunsford, a 49-year-old former maintenance worker with a high school education, suffered from impairments related to a seizure disorder, gastrointestinal reflux disease, a longstanding history of alcohol abuse, hypertension, anxiety and depression. (Tr. 6-7). While the

plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 6). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 6-7). The Appeals Council based this decision, in large part, upon the evidence provided by Vocational Expert James Miller, who testified at an administrative hearing held during the processing of Lunsford's earlier DIB and SSI claims and whose opinion was relied upon in that earlier denial decision.[1] (Tr. 6).

Lunsford argues that the administration erred in evaluating his mental condition. After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security benefits. Therefore, the court must grant the plaintiff's summary judgment motion insofar as it seeks a remand of the action for further consideration and deny that of the defendant.

[1]Vocational Expert William Ellis testified at the October, 2008 administrative hearing held during the processing of the plaintiff's current disability claim. (Tr. 49-58). However, the hypothetical question presented by the ALJ did not include any mental restrictions. (Tr. 50-51). Therefore, this evidence does not support the administrative decision.

The Appeals Council adopted the residual functional capacity assessment found by the ALJ in the April, 2007 denial decision.[2] (Tr. 5). This assessment included an exertional restriction to medium level work restricted from a full range by such non-exertional limitations as a (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps and stairs; (3) an inability to ever drive; (4) a need to avoid exposure to hazardous materials and unprotected heights; (5) an inability to perform more than simple, one or two step, low stress jobs; (6) a need to avoid work around high risk environments; and (7) a limited but satisfactory ability to relate to co-workers, supervisors and the public, and to deal with work stress. (Tr. 5, 85). The Appeals Council noted that when this residual functional assessment had been presented to Miller, the expert had identified the existence of a significant number of jobs which could be performed.

---

[2] In adopting this residual functional capacity assessment, the Appeals Council specifically rejected the assessment found by the ALJ in the June, 2009 denial decision, largely because it had not included any mental limitations. (Tr. 5). Mental limitations had been found in the April 2007 denial decision on the prior Social Security applications. Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ in the current action had failed to address this issue and, so, the Appeals Council took jurisdiction. (Tr. 5).

(Tr. 6, 88). The Appeals Council relied upon this information to support the administrative decision.

Lunsford asserts that the record reveals the existence of additional mental restrictions which were never presented to a vocational expert. The plaintiff notes that the record was reviewed by Psychologists Laura Cutler and Edward Stodola, each of whom opined that the plaintiff would be “moderately limited” in such areas as understanding, remembering and carrying out detailed instructions, maintaining attention and concentration for extended time periods, working in coordination or proximity to others without being distracted, interacting appropriately with the general public, accepting instructions and responding appropriately to criticism from supervisors, and responding appropriately to changes in the work setting. (Tr. 485-486, 524-525). The reviewers also indicated that the claimant would be limited in sustaining attention and concentration for simple tasks to two-hour time segments and could tolerate no more than occasional contact with co-workers, supervisors and the public. (Tr. 487, 526). While some of these restrictions are covered by the hypothetical factors, others, such as the limitations concerning responding to supervisor criticism, working in proximity to others, maintaining attention and concentration, and responding to work setting changes, were not included.

Under the federal regulations, the opinions of non-examining medical reviewers are not binding on the administration. 20 C.F.R. § 404.1527(f)(2)(I).

However, the administrative regulations also indicate that these medical reviewers are experts in Social Security evaluation whose opinions must be considered by the administration and unless the opinion of a treating source is given controlling weight, an ALJ must "explain in the decision the weight given to the opinions of State agency medical or psychological consultant or other program physician or psychologist . . . ." 20 C.F.R. §§ 404.1527(f)(2)(I) and 404.1527(f)(2)(ii). In the present action, the record did not contain the opinion of a treating source whose opinion was adopted by the administration, yet neither the ALJ (Tr. 12-25) nor the Appeals Council (Tr. 4-7) identified reasons why the opinions of the medical reviewers were not fully adopted. Thus, this evidence does not support the administrative decision and suggests that mental restrictions currently afflicting Lunsford were not properly considered.

Psychologist Christopher Catt examined Lunsford during the processing of the current claim for disability benefits and diagnosed an adjustment disorder with depressed mood and alcohol abuse in remission with a recent relapse. (Tr. 469). Catt opined that the plaintiff would be moderately limited in his ability to tolerate the stress and pressure of day-to-day work activity and in his ability to sustain the attention and concentration required for the performance of simple, repetitive tasks. (Tr. 470). The restriction concerning attention and concentration for even simple repetitive tasks was not presented to Miller and suggests some deterioration in the

claimant's condition since the April, 2007 denial decision. Therefore, this opinion also indicates that the administrative decision is not supported by substantial evidence.

The defendant mistakenly asserts that the Appeals Council relied upon the Medical-Vocational Guidelines rather than the testimony of a vocational expert to meet the burden of showing that a significant number of jobs remained available to Lunsford despite his inability to return to his past relevant work. Motion for Summary Judgment by Social Security Administration, Docket Entry No. 11, p. 5-6. However, the denial decision clearly states that Rule 203.29 of the Medical-Vocational Guidelines was relied upon as a framework only and notes the specific jobs cited by Miller in support of the administrative decision. (Tr. 6-7). Because of this error, the defendant's reliance upon the Sixth Circuit's decision in Moon v. Sullivan, 923 F.2d 1175 (6th Cir. 1990) and the decision of the Honorable David Bunning in Sparks v. Astrue, No. 07-117-DLB, 2008 U.S. Lexis 71326 (E.D. Ky, Sept. 17, 2008) is completely misplaced. The court notes that the Sparks decision involved a claimant who had no exertional limitations and suffered only from a mental impairment. Sparks, No. 07-117-DLB, 2008 U.S. Lexis 71326 at 4-5. Since the claimant's mental problems were properly found not severe enough to preclude performance of unskilled work, Social Security Ruling (SSR) 85-15 indicated that the testimony of a vocational expert would not be required. Sparks, No. 07-117-

DLB, 2008 U.S. Lexis 71326 at 16-17. However, Lunsford was found exertionally limited to medium level work as well as suffering from a number of non-exertional physical restrictions as a result of physical impairments in addition to his mental problems. (Tr. 6). Thus, SSR 85-15 has no application in this situation since a basic requirement for its application would be that a claimant suffered from only mental impairments and have no exertional limitations. SSR 85-15 at p. 5; Jordan v. Commissioner of Social Security, 548 F.3d 417, 424 (6th Cir. 2008). Therefore, the court must reject the defendant's argument.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of October, 2010.

**Signed By:**

***G. Wix Unthank***

**United States Senior Judge**